THEODORE STODDARD, 1066; FLOYD CLAUSER, 1067; WALTER ARNOLD, ADMINISTRATOR OF THE ESTATE OF VERNON ARNOLD, Deceased, 1068, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 13, 1927.*

HAMLIN & ELY, AND ROLAND M. WAGNER, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

The declarations in these cases were filed July 7, 1926, and are all substantially alike. They allege the following; that the State has built and maintains a highway in Adams County near the town of Paloma; that about one mile from Paloma the State maintained a barricade across the highway in order to establish a detour across the Chicago, Burlington and Quincy railroad, and had full charge and control thereof and of the lights placed thereon July 27, 1924; that the State negligently failed to place in a permanent position on the barricade a sufficient permanent light to warn persons traveling on the highway of the position of the barricade and negligently permitted the light thereon to be knocked down and remain out of order for two or three days, because of which condition persons traveling on the highway at night were unable to see the barricade until coming directly on it; that the State negligently permitted gravel and loose sand to become scattered on the highway in front of the barricade and negligently suffered said condition to exist for several days although by the exercise of caution it could and ought to have known of the

existence of said condition; that on the night of July 27, 1924, claimant (in No. 1068 claimant's intestate) was riding in an automobile on the highway and exercising all due care and caution in his own behalf; that claimant was a stranger in the vicinity and not familiar with the condition of the highway and because of the negligence of the State in the particulars above mentioned and as a direct and proximate result of the negligence of the State claimant was unable to see the barricade until he was in two or three feet of the same and in stopping the automobile because of the presence of the barricade the automobile skidded in said sand and gravel and was thrown over an embankment at the side of the road maintained by the State and caused to be overturned, etc. In the Clauser case, it is alleged claimant is permanently injured and an award of $5000.00 is prayed for. In the Stoddard case certain injuries alleged to be permanent are described, and he asks an award of $20,000.00. In the Arnold case it is alleged that claimant's intestate, Vernon Arnold, died of wounds received in the accident, leaving a father, mother and sister, and an award of $10,000.00 is asked for.

On July 14, 1926, the Attorney General filed a general and special demurrer to the declaration in each case. Afterward evidence was taken on behalf of claimants and the State, and by stipulation of all the parties the cases have been consolidated.

The theory of claimants is that the State having built the highway and assumed the burden of its maintenance is charged with the duty of using reasonable diligence to keep it in a safe condition for travel and is liable for all damages caused by failure to perform such duty. To adopt this theory is to place the State in the same position as a private corporation maintaining and operating a toll road for hire. The State is not required to build roads, neither is it required to maintain roads already built. It may assume those duties or it may delegate them to such local subdivisions of the State as road districts, towns and counties. Public roads are built at public expense for the use of the public and are free to all who desire to use them. The State is but the whole body of people organized for governmental purposes, and in the construction and maintenance of public highways is only exercising governmental powers. Such powers can only be exercised by officials chosen in the manner provided by law. If

such officials, in the exercise of the powers conferred upon them, are guilty of misfeasance or malfeasance or negligence and injury results to anyone thereby, the government—the State—is not liable for such injury; the official causing the injury may be but the State never is. This doctrine is so well settled that citation of authorities is unnecessary.

It is urged by claimants that even if the State is not liable for the negligence of its officials, it should be required to pay as an act of social justice and they cite paragraph 4 of Section 6 of the Act creating the Court of Claims in support of this contention. The language of paragraph 4 is as follows: "To hear and determine all claims and demands, legal and equitable, liquidated and unliquidated, *ex contracto* and *ex delicto,* which the State, as a sovereign commonwealth should, in equity and good conscience discharge and pay." It is clear from this language that the Legislature intended that all claims allowed against the State should be based upon either a legal or equitable right. This question has been before the court a number of times. The Act of 1903 provided the court "shall hear such claims according to its rules and established practice, and determine the same according to the principles of equity and justice." In *Schmidt* v. *State* 1 C. C. 76, it was urged the court had the power, under that clause, to allow a claim that was neither legal nor equitable, and the court said, page 80: "To this proposition we cannot assent. It is our understanding that in the use of the language 'to determine the same according to the principles of equity and justice' is meant and used with a legal signification and that this Commission has no power to make an award in any case unless the facts show a legal or equitable claim against the State. We do not believe it was the intention of the Legislature to leave it discretionary with the Commission to make an award in favor of the claimant regardless of the question as to whether or not he had a legal claim against the State. We are of the opinion further, that it would be an exceedingly dangerous precedent to hold that the Commission had any such discretion." Paragraph 4 does not create any new or additional liabilities against the State. It was not the intention of the legislature in passing it to clothe this court with discretion to make awards in favor of claimants unless the facts show such awards are based on either legal or equitable demands. To hold the State liable in cases of

the character of these claimants would open the field for a vast number of actions far beyond those the legislature intended in creating the Court of Claims. (*Thompson* v. *State.* 4, C. C., 26; *E. J. & E. R. R. Co.* v. *State,* 4 C. C. 206.)

If all the facts charged in the declarations were sustained by the evidence, it follows from what we have said that no awards could be made in favor of claimants and the cases would have to be dismissed. But, aside from that, claimants have not made a case against the State under their theory of the law. We have read the evidence carefully and think it shows two facts that bar recovery under claimants' theory: (1) it shows claimants were guilty of contributory negligence, and (2) it shows that the State officials had used reasonable care and diligence to maintain the highway in a reasonably safe condition for travel. If we are right in these conclusions, then of course it follows that claimants cannot recover.

The claims are therefore denied and the cases dismissed.